MID-CONTINENT PETROLEUM CORPORATION *v.* STARNES.

[No. 15,471. Filed May 25, 1937. Rehearing denied
October 15, 1937.]

*Robert G. Miller,* for appellant.

*Regester & Regester,* for appellee.

CURTIS, J.—This was an action by the appellee
against the appellant to recover the balance alleged to
be due to the appellee from the appellant for unpaid
salary under a contract of employment and also for
extra time which the appellee claimed to have worked
for the appellant upon nineteen Sundays during the
period of the contract. The cause was tried before a
jury upon the amended complaint to which a demurrer
was filed and overruled followed by an answer in five
paragraphs, to the latter four of which there was a
reply in general denial, resulting in a verdict in the sum
of $121.14 upon which judgment was rendered. The
appellant seasonably filed a motion for a new trial
which was overruled with an exception and this appeal
thereafter prayed and perfected.

The error assigned and relied upon for reversal is the
ruling of the court upon the motion for a new trial. The
causes in the motion are that the verdict is not sus-
tained by sufficient evidence; is contrary to law and that
the amount of the recovery is too large.

The paragraphs of answer were first in general denial; second, in payment; third, accord and satisfaction; fourth, that the contract of employment covered all of the appellee's time and that no charge could be made for the extra time claimed and fifth, that the sum for wages which the appellee claimed and which the appellant withheld from him was withheld by reason of an account that the appellee was alleged to have guaranteed and which could not be collected and was therefore charged against the appellee's salary.

The jury heard evidence upon the entire transaction and concluded that the contentions of the appellant should not be sustained. There was certainly some competent evidence to sustain the verdict. Under such circumstances this court will not attempt to substitute its judgment for that of the jury and reverse the judgment. No reversible error being shown the judgment is affirmed.